**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

JOSHUA CARBAUGH,

Petitioner, : Case No. 2:25-cv-01258

- vs - District Judge Algenon L. Marbley
Magistrate Judge Michael R. Merz

WARDEN,
Chillicothe Correctional Institution,

:

Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Joshua Carbaugh, is before the Court for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 7), and the Return of Writ (ECF No. 8). Chief Magistrate Judge Stephanie Bowman set a reply deadline of twenty-one days after the Return was filed (Order, ECF No. 5). That deadline was May 7, 2026, because the Return was served by mail. However, that deadline has passed and no reply has been filed.

The Magistrate Judge reference in this case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District.

**Litigation History**

On January 16, 2020, the Muskingum County Grand Jury returned an indictment charging Carbaugh with one count of rape (victim less than ten years of age) in violation of Ohio Revised

Code § 2907.02(A)(1)(b), with a sexually violent predator specification, one count of gross sexual imposition in violation of Ohio Revised Code § 2907.05(A)(4)), and three counts of failure to register as a sex offender in violation of Ohio Revised Code § 2950.04 (Indictment, State Court Record ECF No. 7, Ex. 1).

The first two counts were tried to a jury which found Petitioner guilty. The failure to register counts were tried to the bench and resulted in guilty verdicts. Petitioner was sentenced to an aggregate term of life imprisonment without the possibility of parole plus fourteen years. Represented by new counsel, Petitioner appealed to the Ohio Fifth District Court of Appeals which affirmed. *State v. Carbaugh*, 2023-Ohio-1269 (Ohio App. 5th Dist. Apr. 18, 2023). The Ohio Supreme Court granted Petitioner's motion for delayed appeal but then declined to exercise jurisdiction. *State v. Carbaugh*, 172 Ohio St.3d 1409 (2023).

Petitioner filed an Application to Reopen under Ohio R. App. P. 26(B) to litigate issues of ineffective assistance of appellate counsel (State Court Record, ECF No. 7, Ex. 32). The Fifth District denied the Application and the Supreme Court declined to exercise jurisdiction over a further appeal. *State v. Carbaugh*, 175 Ohio St. 3d 1531 (2024).

Carbaugh filed his Petition in this Court by placing it in the prison mailing system on October 28, 2025. He pleads the following grounds for relief:

> **Ground One**: The proportionality of the sentence was inconsistent with the principles set forth in Ohio Revised Code 2929.11 and the factors to be considered in Ohio Revised Code 2929.12 in violation of Oh Const. Art. 1, 9 and 10 as well as USCS Const. Amends. 1, 4, 6, 8, and 14.
>
> **Supporting Facts:** The Trial Court stepped outside of the Constitutional norms when it imposed the sentence and sanction that it did.

**Ground Two**: The consecutive sentences on Counts 2, 3, and 5 are contrary to the sentencing statutes in violation of Oh Const. Art. 1, 2, 5, 9, 10, and 16 as well as USCS Const. Amends. 5, 6, 8, and 14.

**Supporting Facts:** The Trial Court stepped outside of the Constitutional norms when it imposed the sentence and sanction that it did.

**Ground Three**: Petitioner conviction was against the manifest weight of the evidence in violation of Oh Const. Art. 11, 5, 10, 14, and 16 as well as USCS Const. Amends. 4, 5, 6, and 14.

**Supporting Facts:** The evidence was against the manifest weight based on credibility of the witnesses.

**Ground Four**: There was insufficient evidence to sustain a conviction in violation of Oh Const. Art. 1, 1, 5, 10, 14, and 16 as well as USCS Const. Amends. 1, 4, 5, 6, and 14.

**Supporting Facts:** The elements vs. the evidence does not allow for a constitutional conviction.

**Ground Five**: The Trial Court erred by admitting State's exhibit V-1 which were not statements made for the purpose of medical diagnosis or treatment in violation of Oh. Const. Art. 1 1, 4, 5, 6, 8, and 14.

**Supporting Facts:** Petitioner's Due Process Rights were violated by the prejudicial use of false medical statements to implead (sic) on petitioner's credibility before the jury.

**Ground Six**: The Trial Court erred by denying Joshua's motion for mistrial based on prosecutorial misconduct in violation of Oh.Const. Art. 1. 5, 10, and 16, as well as USCS Const. Amends. 1, 4, 5, 6, 8, and 14.

**Supporting Facts:** The Petitioner's Rights to a fair trial and Due Process were violated by prosecutorial misconduct infringing on the integrity of the entire trial.

**Ground Seven**: A tainted jury member poisons the entire proceeding violating the petitioner's 6th and 14th Amendment Rights guaranteed by the United States Constitution and Ohio's Constitution, Counsel was ineffective during direct appeal for failing to raise this issue.

> **Supporting Facts:** The Juror was tainted because she worked on the board of an advocacy center that deals directly with children and was given the job by the prosecuting Attorney who she admitted to being friends with.
>
> **Ground Eight**: Appellate Attorney's unprofessional representation violated the Petitioner's 6th Amendment Right to Effective Appellate Counsel by failing to argue: hearsay violation; failed to request a Daubert Hearing; failed to argue facts about false reporting; failure to raise issue on tainted Juror; failed to request certification on conflict.
>
> **Supporting Facts:** Appellate Counsel failed to raise grounds that were material to the case.
>
> **Ground Nine**: Trial Attorney's unprofessional representation violated the petitioner's 6th Amendment right to effective Counsel. Counsel was ineffective during Direct Appeal for failing to raise this issue.
>
> **Supporting Facts:** Trial Counsel was ineffective for not arguing tainted Juror and failing to ask for change of venue. Appellate counsel failed to raise this issue.

(Petition, ECF No. 1, PageID 8-23).

## Analysis

**Ground One: Disproportionate Sentence**

In his First Ground for Relief, Petitioner asserts his sentence violates certain laws governing sentencing: Ohio Revised Code 2929.11 and 2929.12, Articles 1 and 9 of the Ohio Constitution, and Amendments 1, 4, 6, 8, and 14 of the United States Constitution.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "A petitioner must claim that his custody violates federal law, not state law, not some other source of

law." *Bailey v. Wainwright*, 951 F.3d 343, 346 (6th Cir. 2020) citing *Wilson*. "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring). Accordingly, Petitioner's claims under the Ohio Revised Code and the Ohio Constitution should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

Moreover, before a federal constitutional claim can be presented in habeas, it must have been fairly presented to a full round of state court consideration to allow the state courts to correct any constitutional errors. *O'Sullivan v. Boerckel,* 526 U.S. 838, 846-7(1999); see also *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004) ("A federal court is also barred from hearing issues that could have been raised in the state courts, but were not[.]").

All of the federal constitutional claims which are pleaded in Ground One could have been raised on direct appeal to the Fifth District, but they were not. Appellant's arguments that the sentence was disproportionate to the offense were all pleaded in terms of Ohio law (Appellant's Brief, State Court Record, ECF No. 7, Ex. 24).

The federal constitutional claims made in Ground One should be dismissed as procedurally defaulted for failure to fairly present them to the Ohio courts.

**Ground Two: Improper Consecutive Sentences**

In his Second Ground for Relief, Petitioner claims at making his sentences run consecutively violates both Ohio and federal law. As argued above, this Court cannot consider

claims arising only under Ohio law. The Supreme Court has expressly held consecutive sentencing does not violate the federal Constitution. *Oregon v. Ice*, 555 U.S. 160 (2009). Ground Two should therefore be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Three: Conviction Against the Manifest Weight of the Evidence**

A manifest weight claim is not cognizable under the United States Constitution. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986). Ground Three should therefore also be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Four: Conviction Based on Insufficient Evidence**

In his Fourth Ground for Relief, Petitioner asserts his conviction is based on insufficient evidence. This does state a claim under the Due Process Clause of the Fourteenth Amendment. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson*). This standard "must be applied with explicit reference to the substantive elements of the

criminal offense as defined by state law." *Id.* (quoting *Jackson*, 443 U.S. at 324). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.* A sufficiency challenge should be assessed against the elements of the crime, not against the elements set forth in an erroneous jury instruction. *Musacchio v. United States*, 577 U.S. 237 (2016).

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). When reviewing a claim for sufficient evidence, a federal habeas court must apply a twice-deferential standard." *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam). In a sufficiency of the evidence habeas corpus case, deference

should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012)(per curiam); *Parker v. Matthews*, 567 U.S. 37, 43 (2012)(per curiam). The federal courts do not make credibility determinations in reviewing sufficiency of the evidence claims. *Brooks v. Tennessee,* 626 F.3d 878, 887 (6th Cir. 2010).

Carbaugh pleaded a sufficiency of the evidence claim on direct appeal and the Fifth District decided it as follows:

> {¶42} In his Third Assignment of Error, Carbaugh maintains that his convictions for rape and gross sexual imposition are against the manifest weight of the evidence[4]. In his Fourth Assignment of Error, Carbaugh argues that there is insufficient evidence to support his convictions for rape and gross sexual imposition[5].
>
> Standard of Appellate Review – Sufficiency of the Evidence.
> {¶43} The Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...." This right, in conjunction with the Due Process Clause, requires that each of the material elements of a

crime be proved to a jury beyond a reasonable doubt. *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 2156, 186 L.Ed.2d 314 (2013); *Hurst v. Florida*, 577 U.S. 92, 136 S.Ct. 616, 621, 193 L.Ed.2d 504 (2016). The test for the sufficiency of the evidence involves a question of law for resolution by the appellate court. *State v. Walker*, 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124, ¶30. "This naturally entails a review of the elements of the charged offense and a review of the state's evidence." *State v. Richardson*, 150 Ohio St.3d 554, 2016-Ohio-8448, 84 N.E.3d 993, ¶13.

{¶44} When reviewing the sufficiency of the evidence, an appellate court does not ask whether the evidence should be believed. View more Negative Treatments *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith, 80 Ohio St.3d 89, 102 at n.4, 684 N.E.2d 668 (1997)*; *Walker*, 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124 at ¶30. "The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." View more Negative Treatments*Jenks* at paragraph two of the syllabus. *State v. Pountney*, 152 Ohio St.3d 474, 2018-Ohio-22, 97 N.E.3d 478, ¶19. Thus, "on review for evidentiary sufficiency we do not second-guess the jury's credibility determinations; rather, we ask whether, '*if believed*, [the evidence] would convince the average mind of the defendant's guilt beyond a reasonable doubt.' " *State v. Murphy*, 91 Ohio St.3d 516, 543, 747 N.E.2d 765 (2001), *quoting View more Negative Treatments Jenks* at paragraph two of the syllabus; *Walker* 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124 at ¶31. We will not "disturb a verdict on appeal on sufficiency grounds unless 'reasonable minds could not reach the conclusion reached by the trier-of-fact.' " *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 94, *quoting State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997); *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶74.

Issue for Appellate Review: *Whether, after viewing the evidence in the light most favorable to the prosecution, the evidence, if believed, would convince the average mind that Carbaugh was guilty beyond a reasonable doubt of Rape in violation of View more Negative TreatmentsR.C. 2907.02(A)(1)(b) and Gross Sexual Imposition in violation of R.C. 2907.05.*

{¶45} View more Negative TreatmentsR.C. 2907.02, Rape provides,

> (A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
>
> * * *
>
> (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

{¶46} R.C. 2907.01(A) defines "sexual conduct" as "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."

{¶47} We find that there was overwhelming evidence of Carbaugh's guilt. In the case at bar, R.N.T. was seven years old at the time of the offenses. Evidence was presented that she referred to Carbaugh as "dad." 3T. at 408; 413-414; 425. A.E., R.N.T.'s mother, described Carbaugh as being "like a dad to her." 4T. at 543. R.N.T. testified that Carbaugh raped her vaginally. She described Carbaugh's penis and the gooey stuff coming out of the hole. R.N.T. described the incidents in court and during her C.A.C. interview.

{¶48} We are mindful, that "[c]orroboration of victim testimony in rape cases is not required." *State v. Meeks*, 5th Dist. Stark, 2015-Ohio-1527, 34 N.E.3d 382, ¶ 81, *appeal not allowed*, 143 Ohio St.3d 1543, 2015-Ohio-4633, 40 N.E.3d 1180, *citing State v. Cuthbert*, 5th Dist. Delaware No. 11CAA070065, 2012-Ohio-4472, 2012 WL 4474720, ¶ 28 and *State v. Johnson*, 112 Ohio St.3d 210, 217, 2006-Ohio-6404, 858 N.E.2d 1144, at ¶ 53. Likewise, a victim's testimony concerning penetration need not be corroborated by the medical evidence. *See State v. Nivens*, 10th Dist. Franklin No. 95APA09-1236, 1996 WL 284714 (May 28, 1996) (even without corroborating medical evidence, a victim's testimony that the perpetrator placed his penis in her vagina constitutes penetration).

{¶49} Viewing this evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Carbaugh engaged in sexual conduct with R.N.T. who was seven years old at the time. We hold, therefore, that the state met its burden of production regarding each element of the crime and, accordingly, there was enough evidence to support Carbaugh's conviction for rape.

{¶50} R.C. 2907.05, Gross Sexual Imposition provides,

> (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

* * *

> (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.
>
> * * *

{¶51} " 'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).

{¶52} Carbaugh does not challenge the evidence on any specific element of the offense; instead, his arguments are premised upon the victims' credibility. We have held that the testimony of one witness, if believed by the factfinder, is enough to support a conviction. *See, State v. Dunn*, 5th Dist. Stark No. 2008-CA-00137, 2009-Ohio-1688, 2009 WL 943968, ¶ 133. The weight to be given the evidence introduced at trial and the credibility of the witnesses are primarily for the trier of fact to determine. *State v. Thomas*, 70 Ohio St.2d 79, 434 N.E.2d 1356 (1982), syllabus.

{¶53} When assessing witness credibility, "[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." View more Negative Treatments *State v. Awan*, 22 Ohio St.3d 120, 123, 489 N.E.2d 277 (1986). "Indeed, the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it." *State v. Pizzulo*, 11th Dist. Trumbull No. 2009-T-0105, 2010-Ohio-2048, 2010 WL 1839440, ¶ 11. Furthermore, if the evidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the verdict. *Id*. The finder of fact may take note of the inconsistencies and resolve or discount them accordingly, but such inconsistencies do not render defendant's conviction against the manifest weight of the evidence. *State v. Nivens*, 10th Dist. Franklin No. 95APA09-1236, 1996 WL 284714, at *3 (May 28, 1996).

{¶54} Evidence was presented that R.N.T. touched Carbaugh's penis. 1T. at 230; 3T. at 428. Viewing this evidence in a light most

> favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Carbaugh engaged in sexual contact with R.N.T. who was seven years old at the time. We hold, therefore, that the state met its burden of production regarding each element of the crime and, accordingly, there was sufficient evidence to support Carbaugh's conviction for gross sexual imposition.

*State v. Carbaugh, supra.*

In habeas corpus, a state court opinion on a federal constitutional claim is entitled to deference if it is a reasonable application of clearly established Supreme Court law. 28 U.S.C. § 2254(d)(1). Here the Fifth District Court of Appeals reasonably applied *Jackson v. Virginia* as it has become embedded in Ohio precedent. Accordingly, Petitioner's Fourth Ground for Relief should be dismissed on the merits.

**Ground Five: Error in Admitting Victim Statements to Forensic Examiner**

In his Fifth Ground for Relief Petitioner asserts the trial court committed constitutional erroring admitting the victim's statements to the forensic examiner because they were not made for purposes of medical treatment.

Questions of whether out of court statements are properly admitted in evidence as an exception to the hearsay rule are questions of state law. Therefore Petitioner's Fifth Ground for Relief does not state a claim upon which relief can be granted in habeas corpus and should be dismissed on that basis.

**Ground Six: Prosecutorial Misconduct**

In his Sixth Ground for Relief, Petitioner alleges he was denied a fair trial by misconduct

on the part of the prosecutor. Petitioner raised this claim as his Sixth Assignment of Error on direct appeal, asserting the trial court abused its discretion by not granting a mistrial, and the Fifth District decided the claim as follows:

> {¶77} In his Sixth Assignment of Error, Carbaugh argues that the trial court abused its discretion in failing to grant a mistrial based upon the misconduct of the prosecutor.
>
> {¶78} During cross-examination of the prosecutor of I.W. the grandmother of R.N.T., the following exchange occurred,
>
>> Q. Would your opinion change if you knew he [Carbaugh] went to prison for sexual assault?
>>
>> A. Not if I knew him and [R.N.T.] didn't come to me and say, hey, he touched me. I don't care what you're in prison for as long as you don't reflect it on me or my grandchildren.
>>
>> Q. Would your opinion change if he was in prison for sexually assaulting a 10-year-old child?
>
> 3T. at 511. Defense counsel objected. After a bench conference the trial judge permitted the prosecutor to proceed with the question[6].
>
> **STANDARD OF APPELLATE REVIEW – MISTRIAL**
>
> {¶79} "Mistrials need to be declared only when the ends of justice so require and a fair trial is no longer possible." *State v. Franklin*, 62 Ohio St.3d 118, 127, 580 N.E.2d 1 (1991). The standard of review for evaluating a trial court's decision to grant or deny a mistrial is abuse of discretion. *State v. Maurer*, 15 Ohio St.3d 239, 473 N.E.2d 768 (1984). In reviewing a claim that a mistrial should have been granted, the Ohio Supreme Court has noted "[t]his court has instead adopted an approach which grants great deference to the trial court's discretion in this area, in recognition of the fact that the trial judge is in the best position to determine whether the situation in his courtroom warrants the declaration of a mistrial." *State v. Shaffer*, 5th Dist. Richland No. 2003-CA-0108, 2004-Ohio-3717, 2004 WL 1563644, ¶18 *quoting State v. Widner*, 68 Ohio St.2d 188, 429 N.E.2d 1065 (1981). *See, also, Wade v. Hunter*, 336 U.S. 684, 687, 69 S.Ct. 834, 836, 93 L.Ed. 974 (1949).
>
> {¶80} An abuse of discretion can be found where the reasons given by the court for its action are clearly untenable, legally incorrect, or

amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *Tennant v. Gallick,* 9th Dist. Summit No. 26827, 2014-Ohio-477, 2014 WL 602264, ¶35; *In re Guardianship of S.H.*, 9th Dist. Medina No. 13CA0066-M, 2013-Ohio-4380, 2013 WL 5519847, ¶ 9; *State v. Firouzmandi,* 5th Dist. Licking No. 2006-CA-41, 2006-Ohio-5823, 2006 WL 3185175, ¶54.

**Issue for Appellate Review:** *Whether the trial court abused its discretion by denying Carbaugh's motion for a mistrial.*

{¶81} After denying Carbaugh's motion for a mistrial, the trial judge agreed to give the jury a curative instruction as defense counsel requested. 4T. at 604-605. The trial judge instructed the jury,

> Now, I am going to indicate to you there was a question asked that was objected to and I sustained the objection. The question was asked by the prosecutor of the last witness and – for the defense, and it was improper. You're to disregard it.
> Any implication in the question that was asked is to be disregarded. Any implication in to the questions involving the criminal history of the defendant are to be disregarded. The prosecutor is admonished not to bring those things up again.

4T. at 606-607.

{¶82} Carbaugh's prior conviction was relevant to the sexually violent predator specification attached to the rape charge. The trial court instructed the jury,

> If you find the defendant guilty of rape, you must decide an additional factual question pertaining to a -- to the sexually violent predator specification. You must decide whether the State has proven beyond a reasonable doubt that the defendant has been convicted in the past of a prior offense. One, sexual assault, a felony of the third degree, Case No. 14-F-41, in the Circuit Court of Barbour County, West Virginia, date of conviction, December of 2015.

4T. at 718. The fact that Carbaugh was convicted of sexual assault was admissible as an element of the crime for which he was indicted in the present case. Even without the prosecutor's questions, the jury was properly made aware of the prior conviction. The only statements that arguably may not have been admissible were the fact

> that Carbaugh went to prison for the prior sexual assault, and that the prior sexual assault involved a ten-year old girl.
>
> {¶83} The fact that the prosecutor engaged in some improper argument, however, does not warrant reversal unless the remarks prejudicially affected substantial rights of the accused. *State v. Hessler*, 90 Ohio St.3d 108, 125, 734 N.E.2d 1237 (2000). In making this determination, we must consider the effect of any misconduct in the context of the entire trial. *State v. Keenan*, 66 Ohio St.3d 402, 410, 613 N.E.2d 203 (1993).
>
> {¶84} In the case at bar, the improper question only occurred on one occasion during the trial. The trial judge instructed the jury to disregard it, and further admonished the prosecutor. "Juries are presumed to follow their instructions." *Zafiro v. United States,* 506 U.S. 534, 540, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). "A presumption always exists that the jury has followed the instructions given to it by the trial court," *Pang v. Minch*, 53 Ohio St.3d 186, 187, 559 N.E.2d 1313 (1990), at paragraph four of the syllabus*, rehearing denied*, 54 Ohio St.3d 716, 562 N.E.2d 163.
>
> {¶85} Looking at the prosecutor's questions in the larger context of the trial, we find the prosecutor's question did not prejudicially affect Carbaugh's substantial due process rights. As we discussed in our disposition of Carbaugh's Third and Fourth Assignments of Error, his convictions are based upon sufficient evidence and are not against the manifest weight of the evidence. Evidence concerning Carbaugh's prior conviction was admissible to prove the sexually violent predator specification. The prosecutor's mention of the age of the previous victim was not flagrant or repeated.
>
> {¶86} We find Carbaugh was not denied his right to due process and fair trial under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution.
>
> {¶87} Carbaugh's Sixth Assignment of Error is overruled.

*State v. Carbaugh, supra.*

Here as with the sufficiency claim, the question is whether the Fifth District's decision is an objectively reasonable application of clearly established Supreme Court law. In *Serra v. Michigan Dept of Corrections*, 4 F.3d 1348 (6th Cir. 1993), the court identified factors to be

weighed in considering prosecutorial misconduct claims:

> In every case, we consider the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they are isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of the competent proof to establish the guilt of the accused.

*Id.* at 1355-56, *quoting Angel v. Overberg*, 682 F.2d 605, 608 (6th Cir. 1982)(citation omitted). The misconduct must be so gross as probably to prejudice the defendant. *Prichett v. Pitcher*, 117 F.3d 959, 964 (6th Cir.), *cert. denied*, 522 U.S. 1001 (1997)(citation omitted); *United States v. Ashworth,* 836 F.2d 260, 267 (6th Cir. 1988). Claims of prosecutorial misconduct are reviewed deferentially on habeas review. *Thompkins v. Berghuis,* 547 F.3d 572 (6th Cir. 2008), rev'd on other grounds, 560 U.S. 370 (2010), *citing Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004), *cert. denied,* 544 U.S. 921 (2005).

In *Parker v. Matthews*, 567 U.S. 37 (2012)(per curiam), the Supreme Court summarily reversed the Sixth Circuit, *Matthews v. Parker*, 651 F.3d 489 (6th Cir. 2011)(Siler, Moore & Clay, Siler dissenting in part), noting that the "*Darden* standard is a very general one, leaving [state] courts 'more leeway . . . in reaching outcomes in case-by-case determinations.'" *Matthews* at *18, quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004), and criticizing the Sixth Circuit's reliance on its much more detailed standard in *Broom v. Mitchell*, 441 F.3d 392, 412 (6th Cir. 2006).

In this case the State was required to prove not only the substantive charges against Petitioner, but also the sexually violent offender specification, making the prior conviction relevant. The Fifth District's decision is an objectively reasonable application of Supreme Court precedent. Petitioner's Sixth Ground for Relief should be dismissed on the merits.

**Ground Seven: Ineffective Assistance Of Appellate Counsel: Failure to Raise Tainted Juror Claim**

Petitioner claims the jury was "tainted" by participation of a juror who "worked on the board of an advocacy center that deals directly with children and was given the job by the prosecuting Attorney who she admitted to being friends with" and that he received ineffective assistance of appellate counsel when his appellate attorney did not raise this issue.

The facts behind this claim were revealed during voir dire when one venireperson revealed that she was on the board of an organization involved with advocating for and giving assistance to child victims of sexual abuse. She had been nominated to this board by the County Prosecutor whom she knew socially. (Application for Reopening, State Court Record, ECF No. 7, Ex. 32, PageID 309). Based on these facts, Petitioner accused his trial attorney of ineffective assistance for not moving for a change of venue and his appellate attorney for not complaining of his trial attorney's ineffective assistance in this regard.

However, in denying the Application, the Fifth District noted Petitioner had provided no evidence this venireperson had actually been seated as a juror (Judgment Entry, State Court Record, ECF No. 7, Ex. 33, PageID 322). Without that proof, it cannot have been ineffective assistance of trial counsel to fail to move for a change of venue or ineffective assistance of appellate counsel to fail to raise that as an assignment of error on direct appeal. Applying the controlling federal precedent, *Strickland v. Washington,* 466 U.S. 668 (1984), the Fifth District held this claim was without merit. Their judgment is entitled to deference under 28 U.S.C. § 2254(d)(1). Therefore Ground Seven should be dismissed on the merits.

**Ground Eight: Ineffective Assistance Of Appellate Counsel**

In his Eighth Ground for Relief, Petitioner argues he received ineffective assistance of appellate counsel when his appellate attorney failed to argue a hearsay violation, failed to request a *Daubert* Hearing, failed to argue facts about false reporting, failed to raise the tainted juror issue, and failed to request certification on conflict.

Under Ohio law the only proper method of raising a claim of ineffective assistance of appellate counsel is by application to reopen the appeal under Ohio R. App. P. 26(B). As noted above, Petitioner filed such an application and asserted ineffective assistance of appellate counsel in failing to include as an assignment of error that Petitioner has received ineffective assistance of trial counsel (Application, State Court Record, ECF No. 7, Ex. 32, PageID 305). In particular Petitioner asserted trial counsel had provided ineffective assistance as follows:

1. Trial Counsels failed to object to the States failure to file a motion to submit hearsay evidence pursuant to Evidence Rule 803(4). *Id.*
2. Trial Counsel failed to request a *Daubert* Hearing. *Id.* at PageID 306.
3. Trial Counsel failed to argue facts about false reporting. *Id.*
4. Trial Counsel failed to fulfill their professional duties. *Id.* at PageID 307.

Petitioner also asserted it was ineffective assistance of appellate counsel to fail to pursue the tainted juror issue and to file a motion to certify a conflict. *Id.* at PageID 308-10.

In denying the Application for Reopening, the Fifth District applied the correct governing standard under *Strickland v. Washington,* 466 U.S. 668 (1984). It found there was no deficient performance in trial counsel's failure to object to the State's failure to file a pretrial motion regarding the admission of the forensic interview because the Ohio Rules of Evidence do not

mandate such a hearing. And it found no prejudice under the second prong of *Strickland* because the Fifth District had found the interview to be admissible (Judgment, State Court Record, ECF No. 7, Ex. 33, PageID 317).

Petitioner asserted he received ineffective assistance when his trial counsel did not request a *Daubert*[1] hearing. The Fifth District found no deficient performance because the witness Petitioner believes would have been excluded under *Daubert* did not testify as an expert. *Id.* at PageID 318-19.

Petitioner asserted he received ineffective assistance when his trial attorney failed to introduce general evidence of false reporting in child sexual abuse cases. The Fifth District found there was no prejudice because the jury heard direct testimony from the victim and could assess for themselves her credibility. *Id.* at PageID 319.

Petitioner next made a general complaint that his trial attorney had failed to diligently investigate his case. The Fifth District found that much of what Carbaugh presented in support of this omitted assignment of error could not have been presented on direct appeal because it was not in the appellate record. *Id.* at PageID 320-21. It was therefore not ineffective assistance of appellate counsel to fail to charge trial counsel with ineffectiveness. *Id.*

Petitioner then complained he received ineffective assistance when his appellate counsel did not claim he received ineffective assistance of trial counsel when his trial attorney did not move for a change of venue on the basis of the "tainted" juror. The Fifth District rejected this claim on the same basis as noted above, to wit, there was no proof the "tainted" juror was seated. *Id.* at PageID 321-22.

Finally, Petitioner asserted appellate counsel was ineffective for not moving to certify to

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).

the Supreme Court of Ohio that a conflict existed between the Fifth District's decision in this case and that of another Ohio appellate court. The Fifth District rejected this claim because there could not have been an apparent conflict with another court's decision until the Fifth District had rendered a decision and Carbaugh was not entitled to a second appointed attorney to file a conflict motion. *Id.* at PageID 323, citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

The Fifth District's application of *Strickland* in each of these instances was a reasonable application of that governing standard and it is therefore entitled to deference under 28 U.S.C. § 2254(d)(1). Petitioner's Eighth Ground for Relief should be dismissed on the merits.

**Ground Nine: Ineffective Assistance Of Trial Counsel**

In his Ninth Ground for Relief, Petitioner asserts he received ineffective assistance of trial counsel when his trial attorney did not pursue the "tainted" juror issue by moving for a change of venue.

For reasons given above, the Fifth District's conclusion that this claim lacked merit is entitled to deference under 28 U.S.C. § 2254(d)(1). The Ninth Ground for Relief should be dismissed on the merits.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not

be permitted to proceed *in forma pauperis*.

July 29, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #